UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLEY ANN BAISLEY,<br><br>                    Plaintiff,<br><br>vs.<br><br>SLADE INDUSTRIES, INC., SCHINDLER ELEVATOR CORPORATION,<br><br>                    Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

**TO:   UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendants, Slade Industries, Inc., and Schindler Elevator Corporation (collectively, "Defendants"), by and through their attorneys, Connell Foley LLP, in accordance with the provisions of 28 U.S.C. § 1446, respectfully states:

1.   Defendants desire to exercise their rights under the provisions of 28 U.S.C. § 1441 to remove this action from the Supreme Court of the State of New York, County of Westchester, where the case is now pending under the name and style, Kelley Ann Baisley v. Slade Industries, Inc., et al., bearing Index No. 65441/2021.

2.   A copy of the Summons and Verified Complaint filed by plaintiff on or about October 21, 2021 in the Supreme Court of New York, County of Westchester is attached hereto as Exhibit A. This constitutes a complete copy of all process and pleadings served by plaintiff upon Defendants.

3.   Upon information and belief, the Summons and Verified Complaint were served upon Slade Industries, Inc., and Schindler Elevator Corporation by way of the New York Secretary of State pursuant to § 306 of the Business Corporation Law on November 24, 2021.

4. The Secretary of State then forwarded a copy of the Summons and Verified Complaint to Slade Industries, Inc., by certified mail. Same was received by Slade Industries, Inc., on December 16, 2021. To date, upon information and belief, the Summons and Verified Complaint have not yet been received by Schindler Elevator Corporation.

5. The 30-day removal period does not begin to run until the date the Summons and Verified Complaint are actually received by Slade Industries, Inc., not the date of service on the New York Secretary of State. See Auguste v. Nationwide Mut. Ins. Co., 90 F. Supp. 2d 231, 233 (E.D.N.Y. 2000), ("district courts in New York and elsewhere agree that service of process upon a defendant's statutory agent is not sufficient to trigger the 30-day removal period.") (citing Cygielman v. Cunard Line Ltd., 890 F.Supp. 305, 307 (S.D.N.Y. 1995) ("The heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent…This makes abundant sense, as the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them.")).

6. A copy of Defendants' Answer, also filed separately, is attached hereto as Exhibit B.

7. This action is removable to this Court by Defendants, pursuant to 28 U.S.C. §1441(a). A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014) (noting that 28 U.S.C. § 1446(a) by design tracks the "short and plain statement" pleading requirement of Fed. R. Civ. P.

8(a).) Accordingly, courts should apply the same liberal rules to removal applications that are applied to other matters of pleading. Id.

8. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that this is a civil action wherein plaintiff will, upon information and belief, allege that her damages exceed the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. As stated in the Summons and Verified Complaint, plaintiff, at the time this action was commenced, was and still is a citizen and domiciliary of the State of New York, residing the County of Westchester, Croton-on-Hudson, New York. Upon information and belief, plaintiff is a natural person and citizen of the United States who currently resides and maintains her presence at the aforementioned addresses and has an intention to remain in the State of New York. An individual's residence at the time the lawsuit is commenced is prima facie evidence of domicile. Galu v. Attias, 923 F.Supp. 590, 595 (S.D.N.Y. 1996) (citing Williamson v. Osenton, 232 U.S. 619, 624-25 (1914)).

10. For purposes of diversity jurisdiction, a corporation is considered a resident of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

11. At the time this action was commenced, defendant, Slade Industries, Inc., was, and still is a New Jersey corporation with its principal place of business at its headquarters located at 1101 Bristol Road, Mountainside, New Jersey 07092. Thus, Slade Industries, Inc., is a citizen of New Jersey.

12. At the time this action was commenced, defendant, Schindler Elevator Corporation was, and still is, a Delaware corporation with its principal place of business at its headquarters

located at 20 Whippany Road, Morristown, New Jersey 07960. Thus, Schindler Elevator Corporation is a citizen of Delaware and New Jersey.

13. Accordingly, there is complete diversity amongst the parties in interest.

14. According to the Verified Complaint at Paragraph 23, plaintiff alleges that she was "entering an elevator at the aforesaid premises [when] the elevator doors closed on Plaintiff's left foot."

15. Further, the Verified Complaint at Paragraph 31 alleges that plaintiff "was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come."

16. Further, the Verified Complaint at Paragraph 32 alleges that plaintiff "was unable to attend to said Plaintiff's usual duties for some time" and "will be unable to do so or limited from doing so permanently."

17. On January 6, 2022, defense counsel spoke with plaintiff's counsel who advised that as a result of the accident at issue, plaintiff fell and injured her right shoulder and right knee. Both injuries required surgery.

18. Plaintiff's counsel further advised that as a result of the above mentioned surgeries, plaintiff had to miss time from work to recover from the procedures.

19. Further, plaintiff is an employee of the County of Westchester and because her accident occurred while she was working, there is a workers' compensation lien that will need to be repaid as part of any settlement or judgment entered in this lawsuit.

20. Based upon the damages outlined above, plaintiff's counsel was unable to stipulate that the amount in controversy in this action (i.e., plaintiff's damages), inclusive of interest and costs, would not exceed the sum or value of $75,000. Courts in this Circuit have accepted a refusal

to stipulate to cap damages as evidence that the amount in controversy requirement has been satisfied. See Armstrong v. ADT Sec. Services, 2007 U.S. Dist. Lexis 5452 (S.D.N.Y. 2007) at *8 (finding plaintiff's refusal to sign stipulation limiting damages to $75,000 evidenced "reasonable probability" that amount in controversy exceeded that amount); see also Felipe v. Target Corp., 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (finding that plaintiff's failure to stipulate to limit damages award below jurisdictional threshold which could have "easily defeated removal" was evidence defendant had satisfied amount in controversy requirement).

21. Defendants, therefore, present a good faith application to the Court that plaintiff's Verified Complaint seeks damages in excess of the amount in controversy requirement of $75,000.00 in accordance with 28 U.S.C. § 1332.

22. The within Notice of Removal is hereby filed within thirty (30) days of Defendants' receipt of plaintiff's Verified Complaint. See 28 U.S.C. § 1446(a) and (b).

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all other parties in this action.

**WHEREFORE,** Slade Industries, Inc., and Schindler Elevator Corporation request that the above action now pending in the Supreme Court of the State of New York, County of Westchester, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

DATE:   Newark, New Jersey
              January 6, 2022

CONNELL FOLEY LLP

BY: *Catherine S. Bryan*

**Catherine G. Bryan**
*Attorneys for Defendants,*
*Slade Industries, Inc., and Schindler Elevator*
*Corporation*
One Newark Center
1085 Raymond Blvd., 19th Floor
Newark, New Jersey 07102
973.436.5800

6261814-1