# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM      INDEX NO. 65441/2021
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 10/21/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------------X  Plaintiff designates
KELLEY ANN BAISLEY,                                              Westchester County as the
                                                                 Place of trial.

                              Plaintiff(s),

    -against-                                                    The basis of the venue is
                                                                 Plaintiff resides in
                                                                 Westchester County

SLADE INDUSTRIES, INC
SCHINDLER ELEVATOR CORPERATION

                                                                 **SUMMONS**

                                                                 Plaintiff resides at
                              Defendant(s).                      35 Westminster Drive,
--------------------------------------------------------------X  Croton-on-Hudson, New York 10520
To the above-named Defendants                                    COUNTY OF WESTCHESTER

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you be default for the relief demanded in the complaint.

DATED: Elmsford, New York            **LAW OFFICE OF WILLIAM A. CERBONE**
       October 20, 2021              Attorney for Plaintiff
                                     Office and P.O. Address
                                     45 Knollwood Road, Suite 403
                                     Elmsford, New York 10523
                                     (914) 592-5100

Defendants' address: Slade Industries, Inc., 1101 Bristol Road, Mountain Side, New Jersey 07092
                     Schindler Elevator Corporation, 20 Whippany Road, Morristown, New
                     Jersey 07960

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM     INDEX NO. 65441/2021
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 10/21/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------X
KELLEY ANN BAISLEY,

                         Plaintiff(s),

      -against-                         VERIFIED
                                          COMPLAINT

SLADE INDUSTRIES, INC.,
SCHINDLER ELEVATOR CORPORATION

                        Defendants.
-----------------------------------------------------------X

      Plaintiff by her attorneys, LAW OFFICE OF WILLIAM A. CERBONE, complaining of the above named defendants, alleges:

      FIRST: Upon information and belief, that at all times hereinafter mentioned, the defendant, SLADE INDUSTRIES, INC. (hereinafter referred to as SLADE) was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York

      SECOND: Upon information and belief that at all times hereinafter mentioned the defendant, SLADE was and still is a Foreign Business Corporation, duly organized and existing under and by virtue the laws of a state other than the State of New York but duly licensed to do business in The State of New York.

      THIRD: Upon information and belief, that at all times hereinafter mentioned, the defendant, SCHINDLER ELEVATOR CORPORATION (hereinafter referred to as SCHINDLER) was and still is a Foreign Corporation duly organized and

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM        INDEX NO. 65441/2021
NYSCEF DOC. NO. 1
                                                           RECEIVED NYSCEF: 10/21/2021

existing under and by virtue of the laws of a state other than The State of New York

FOURTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, SCHINDLER, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

FIFTH: Upon information and belief, that at all times hereinafter mentioned, the County of Westchester (hereinafter referred to as Westchester) was the owner of the premises known by the address of 85 Court Street, White Plains, New York.

SIXTH: Upon information and belief, that at all times hereinafter mentioned, the aforementioned Westchester operated and had the care and control of the aforesaid premises, 85 Court Street, White Plains, New York.

SEVENTH: Upon information and belief, that at all times hereinafter mentioned, the aforementioned premise was a multi-story building containing offices.

EIGHTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid premises contained two (2) elevators.

NINTH: Upon information and belief, that at all times hereinafter mentioned, the aforementioned Westchester owned the aforesaid elevators.

TENTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid Westchester operated and had the care and control of the aforesaid elevators at the aforesaid location

ELEVENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant SLADE was a business that performed elevator repair and maintenance services for elevators.

TWELFTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid Westchester entered into a contract with the aforementioned defendant SLADE.

THIRTEENTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid Westchester entered into a contract with the aforementioned defendant SLADE for the repair and maintenance services of elevators at the aforesaid premises.

FOURTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant SLADE operated, maintained and had the care and control of the aforesaid elevator/elevators at the aforesaid premises pursuant to a contract with the aforementioned County of Westchester.

FIFTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant SCHINDLER was a business that performed elevator repair and maintenance services for elevators

SIXTEENTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid Westchester entered into a contract with the aforementioned defendant SCHINDLER.

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM                  INDEX NO. 65441/2021
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 10/21/2021

SEVENTEENTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid Westchester entered into a contract with the aforementioned defendant SCHINDLER for the repair and maintenance services of elevators at the aforesaid premises.

EIGHTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant SCHINDLER operated, maintained and had the care and control of the aforesaid elevators at the aforesaid premises pursuant to a contract with the aforementioned County of Westchester.

NINETEENTH: Upon information and belief that in all times hereinafter mentioned, the defendant SLADE owed a duty to the users of the elevators at the aforesaid premises to maintain the elevators in an operable condition pursuant to contract.

TWENTIETH: Upon information and belief that in all times hereinafter mentioned, the defendant SCHINDLER owed a duty to the users of the elevators at the aforesaid premises to maintain the elevators in an operable condition pursuant to contract.

TWENTY-FIRST: That at all times hereinafter mentioned the Plaintiff was employed at the aforesaid premises.

TWENTY-SECOND: That on January 23rd, 2019, the Plaintiff was lawfully and peacefully at the aforesaid premises.

TWENTY-THIRD: That at all times hereinafter mentioned, that on January 23rd, 2019, and while the Plaintiff was entering an elevator at the aforesaid premises the elevator doors closed on Plaintiffs left foot.

TWENTY-FOURTH: That at all times hereinafter mentioned, that on January 23rd, 2019, and while the Plaintiff was entering an elevator at the aforesaid premises the elevator doors closed on Plaintiffs left foot and trapping the left foot.

TWENTY-FIFTH: That at all times hereinafter mentioned, that on January 23rd, 2019, and while the Plaintiff was entering an elevator at the aforesaid premises the elevator doors closed on Plaintiffs left foot and trapping the left foot without release.

TWENTY-SIXTH: That at all times hereinafter mentioned, that on January 23rd, 2019, the doors of the aforementioned elevator closed on Plaintiffs left foot without release

TWENTY-SEVENTH: That on the aforementioned date and that while the plaintiff was at the aforementioned premises this Plaintiff was injured as a result of the negligence, carelessness and recklessness of the Defendants SLADE and SCHINDLER in their operation, management, maintenance, care and control of the aforesaid elevators.

TWENTY-EIGHTH: That the defendant SLADE, was negligent in the operation, management, maintenance, care and control of the aforesaid elevator in that; in causing and/or suffering, allowing and permitting elevator doors to trap the Plaintiff's foot therein; in causing and/or suffering allowing and permitting the Plaintiff's foot to be trapped between elevator doors; in failing to prevent elevator doors from trapping the Plaintiff and more specifically her foot within the doors; in causing and/or suffering, allowing and permitting door

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM                INDEX NO. 65441/2021
NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 10/21/2021

release mechanisms to be on the elevator doors but in failing to adequately and properly maintain and repair said door release mechanisms; in trapping the Plaintiff's foot within elevator doors; in causing and/or suffering, allowing and permitting the Plaintiff to fall to the floor as a result of trapping her foot in elevator doors; in causing and/or suffering, allowing and permitting passengers to enter their elevators but in failing to provide any adequate or adequate controls, or otherwise to the elevators and the door closing and release mechanism; in causing and/or suffering, allowing and permitting the elevators to be operated for passengers without any adequate sign, signal or warnings of malfunctioning and/or inadequate door releases; in causing the elevator doors to close without any sign, signal or warning; in failing to provide adequate door release mechanism for the elevators; in knowing that proper and operational door releases for their elevators and safety devices are necessary for the safe operation of the elevators for passengers but in failing to provide adequate operational door release and safety devices; in failing to adequately and properly operate the elevators; in supervising their employees, subcontractors or otherwise in the proper service and maintenance of their elevator and/or elevator door system; in failing to properly and adequately supervise their employees and subcontractors and or elevator contractors at the site; in failing to take proper and adequate notice of the public and passengers in their elevators when the defendant knew or should have known that the elevators was not in proper working order; in training their employees; in failing to adequately and properly train their employees in the operation of the elevator at the premises

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM                INDEX NO. 65441/2021
NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 10/21/2021

aforementioned; in operating the elevator without adequate and necessary supervision of the elevators, it's mechanical functions including but not limited to the door releases; in failing to maintain proper maintenance protocols for the elevators; in maintaining logs and record books of the services provided at the premises; in causing and/or suffering, allowing and permitting a trap to exist in that the elevators was not properly maintained and was otherwise made available to the public and the plaintiff herein; In failing to keep and/or maintain proper control over their elevators, it's maintenance and repair; in failing to give any and/or any adequate signal, sign, warning or other notice of danger, malfunction, door release malfunction, elevator malfunction, dangers or otherwise; in making an unsafe, dangerous, and hazardous repairs to the elevator; in failing to keep and/or maintain their elevator in a proper and/or adequate state of repair and/or condition, particularly, but not limited to the doors and doors release mechanisms, warning mechanisms, use mechanism and engineering mechanisms to and about the entire engineering function of the elevator at the premises ; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in failing to use that degree of care and caution warranted under all of the surrounding circumstances.

TWENTY-NINTH: That the defendant SCHINDLER, was negligent in the operation, management, maintenance, care and control of the aforesaid elevator in that; in causing and/or suffering, allowing and permitting elevator doors to trap the Plaintiff's foot therein; in causing and/or suffering allowing and

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM　　　INDEX NO. 65441/2021
NYSCEF DOC. NO. 1　　　　　　　　　　　　　　　　　　　　　RECEIVED NYSCEF: 10/21/2021

permitting the Plaintiff's foot to be trapped between elevator doors; in failing to prevent elevator doors from trapping the Plaintiff and more specifically her foot within the doors; in causing and/or suffering, allowing and permitting door release mechanisms to be on the elevator doors but in failing to adequately and properly maintain and repair said door release mechanisms; in trapping the Plaintiff's foot within elevator doors; in causing and/or suffering, allowing and permitting the Plaintiff to fall to the floor as a result of trapping her foot in elevator doors; in causing and/or suffering, allowing and permitting passengers to enter their elevators but in failing to provide any adequate or adequate controls, or otherwise to the elevators and the door closing and release mechanism; in causing and/or suffering, allowing and permitting the elevators to be operated for passengers without any adequate sign, signal or warnings of malfunctioning and/or inadequate door releases; in causing the elevator doors to close without any sign, signal or warning; in failing to provide adequate door release mechanism for the elevators; in knowing that proper and operational door releases for their elevators and safety devices are necessary for the safe operation of the elevators for passengers but in failing to provide adequate operational door release and safety devices; in failing to adequately and properly operate the elevators; in supervising their employees, subcontractors or otherwise in the proper service and maintenance of their elevator and/or elevator door system; in failing to properly and adequately supervise their employees and subcontractors and or elevator contractors at the site; in failing to take proper and adequate notice of the public and passengers in their elevators when the

defendant knew or should have known that the elevators was not in proper working order; in training their employees; in failing to adequately and properly train their employees in the operation of the elevator at the premises aforementioned; in operating the elevator without adequate and necessary supervision of the elevators, it's mechanical functions including but not limited to the door releases; in failing to maintain proper maintenance protocols for the elevators; in maintaining logs and record books of the services provided at the premises; in causing and/or suffering, allowing and permitting a trap to exist in that the elevators was not properly maintained and was otherwise made available to the public and the plaintiff herein; in failing to keep and/or maintain proper control over their elevators, it's maintenance and repair; in failing to give any and/or any adequate signal, sign, warning or other notice of danger, malfunction, door release malfunction, elevator malfunction, dangers or otherwise; in making an unsafe, dangerous, and hazardous repairs to the elevator; in failing to keep and/or maintain their elevator in a proper and/or adequate state of repair and/or condition, particularly, but not limited to the doors and doors release mechanisms, warning mechanisms, use mechanism and engineering mechanisms to and about the entire engineering function of the elevator at the premises ; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in failing to use that degree of care and caution warranted under all of the surrounding circumstances.

THIRTIETH: That solely by reason of the aforesaid, this Plaintiff sustained personal injuries to and about his/her head, limbs, spine and body.

THIRTY-FIRST: That solely by reason of the aforesaid, this plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come.

THIRTY-SECOND: That solely by reason of the aforesaid, this Plaintiff was unable to attend to said Plaintiff's usual duties for some time; upon information and belief said Plaintiff will be unable to do so or limited from doing so permanently or for some time in the future.

THIRTY-THIRD: That solely by reason of the aforesaid, this Plaintiff seeks a judgment for money damages.

WHEREFORE, Plaintiff, Kelley Ann Baisley, seeks a judgment for money damages against the defendants; that the sum sought herein exceeds all jurisdictional limits, all together with the costs and disbursements of the action.

Dated: Elmsford, New York
October 20, 2021

Yours, etc.

*[signature]*

LAW OFFICE OF WILLIAM A. CERBONE
Attorney for Plaintiffs
Office and P.O. Address
45 Knollwood Road, Suite 403
Elmsford, New York 10523
(914) 592-5100

FILED: WESTCHESTER COUNTY CLERK 10/21/2021 09:58 AM　　INDEX NO. 65441/2021
NYSCEF DOC. NO. 1　　　　　　　　　　　　　　　　　　　RECEIVED NYSCEF: 10/21/2021

STATE OF NEW YORK, COUNTY OF WESTCHESTER.

Kelley Ann Baisley, being sworn says: I am the plaintiff
[X] in the action herein; I have read the annexed Complaint,
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the　　　　　　　　　　of
[ ] a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

_____
Kelley Ann Baisley

Sworn to before me on October 30, 2021

_____
Notary Public

William A. Cerbone
Notary Public, State of New York
#02CE5001559
Qualified in Westchester County
Commission Expires 09/08/2014



# NYSCEF Confirmation Notice
## Westchester County Supreme Court

The NYSCEF website has received an electronic filing on 10/21/2021 09:58 AM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**
**Kelley Ann Baisley v. Slade Industries, Inc. et al**
**Assigned Judge: None Recorded**

### Documents Received on: 10/21/2021 09:58 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

### Filing User

William A. Cerbone | williamcerbone@gmail.com | (914) 592-5100
45 Knollwood Road Suite 403, Elmsford, NY 10523

### E-mail Notifications

An email regarding this filing has been sent to the following on 10/21/2021 09:58 AM:

**WILLIAM A. CERBONE - williamcerbone@gmail.com**

### Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | Slade Industries, Inc. | No consent on record. |
| Respondent | Schindler Elevator Corporation | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

Timothy C. Idoni - http://www.westchesterclerk.com
Email: e-file@westchestergov.com

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1

SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF WESTCHESTER  
Index # 65441/2021
-----------------------------------------------------------X  
KELLEY ANN BAISLEY,

                Plaintiff

        -against-                                  AFFIRMATION

SLADE INDUSTRIES, INC.,  
SCHINDLER ELEVATOR CORPORATION

                Defendants.  
-----------------------------------------------------------X

    WILLIAM A. CERBONE, an attorney duly admitted to practice before the Courts of the State of New York, under the penalty of perjury, affirms:

1. That I am the attorney for the Plaintiff herein.
2. I am fully familiar with all the facts and circumstances surrounding this action.
3. I make this affirmation to correct a scrivener's error in this instant caption. The word corporation was misspelled with reference to SCHINDLER ELEVATOR CORPORATION. Annexed hereto is a correction of the Summons. The Verified Complaint was correctly spelled.

Dated:    Elmsford, New York  
          October 26, 2021

                             WILLIAM A. CERBONE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

KELLEY ANN BAISLEY,

                                    Plaintiff(s),

-against-

SLADE INDUSTRIES, INC
SCHINDLER ELEVATOR CORPORATION

                                    Defendant(s).

-------------------------------------------------------------------X

Index # 65441/2021

Plaintiff designates
Westchester County as the
Place of trial.

The basis of the venue is
Plaintiff resides in
Westchester County

## SUMMONS

Plaintiff resides at
35 Westminster Drive,
Croton-on-Hudson, New York 10520
COUNTY OF WESTCHESTER

To the above-named Defendants

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. Corporation

DATED:   Elmsford, New York
              October 20, 2021

LAW OFFICE OF WILLIAM A. CERBONE
Attorney for Plaintiff
Office and P.O. Address
45 Knollwood Road, Suite 403
Elmsford, New York 10523
(914) 592-5100

Defendants' address:   Slade Industries, Inc., 1101 Bristol Road, Mountain Side, New Jersey 07092
                                   Schindler Elevator Corporation, 20 Whippany Road, Morristown, New Jersey 07960

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Westchester
-----------------------------------------------------------X
KELLEY ANN BAISLEY

                      Plaintiff/Petitioner,

    - against -                                 Index No. 65441/2021

SLADE INDUSTRIES, INC
SCHINDLER ELEVATOR COPORATION

                    Defendant/Respondent.
-----------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: November 2, 2021

William A. Cerbone
Name
Law Office of William A. Cerbone

Firm Name

45 Knollwood Road, Elmsford, New York 10523

Address

(914)592-5100
Phone

williamcerbone@gmail.com
E-Mail

To: Slade Industries, Inc., 1101 Bristol Road,

Mountain Side, New Jersey 07092

Schindler Elevator Corporation, 20 Whippany Road,

Morristown, New Jersey 07960

6/6/18

Index #     Page 2 of 2     EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

KELLEY ANN BAISLEY,

                              Plaintiff(s),

        -against-

SLADE INDUSTRIES, INC.,
SCHINDLER ELEVATOR CORPORATION

                              Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICE OF WILLIAM A. CERBONE
Attorney for Plaintiff(s)
Office and P.O. Address
45 Knollwood Road Suite 403
Elmsford, New York 10523
(914) 592-5100

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief, and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: October 20, 2021         Signature:

                                          William A. Cerbone

To:

Attorney(s) For Plaintiff

Service of a copy of the within
is hereby admitted.

Dated:

                                          Attorney(s) for

STATE OF NEW YORK, COUNTY OF WESTCHESTER

Anthony White, being sworn says: I am not a party to the action, am over 18 years of age and reside at Yorktown Heights, New York. On December 8, 2021, I served a Notice of Service upon Slade Industries Inc.,

[X] by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) indicated below: Slade Industries Inc., 1101 Bristol Road, Mountain Side, New Jersey 07092

[ ] by delivering the same personally to the persons and at the address indicated below:

[ ] by E-Filing a true copy of same with the Supreme Court of the State of New York.

[ ] by e-mailing a true copy of same to email address indicated below:

_____
Anthony White

Sworn to before me on December 8, 2021

_____
Notary Public

William A. Cerbone
Notary Public, State of New York
#02CE5001559
Qualified in Westchester County
Commission Expires 09/08/2014 2022