UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLEY ANN BAISLEY,

                Plaintiff,

-against-

SLADE INDUSTRIES, INC., et al.,

                Defendants.

**ORDER**

22-CV-00116 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 6, 2022, Defendants Slade Industries, Inc. ("Slade") and Schindler Elevator Corporation ("Schindler," and collectively, "Defendants"), filed a Notice of Removal intending to remove this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal;" Doc. 1-1 "Compl."). For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## BACKGROUND

On or about October 21, 2021, Plaintiff Kelley Ann Baisley ("Plaintiff") filed a Verified Complaint commencing this action against Defendants in the Supreme Court of the State of New York, County of Westchester. (Not. of Removal ¶ 2; *see also* Compl.). Plaintiff alleged that she was injured on January 23, 2019 when an elevator maintained by Defendants closed on her foot. (*See* Compl. ¶¶ 23-29).

Defendants represent that service was effectuated on the New York Secretary of State on November 24, 2021, that Slade received a copy of the Summons and Verified Complaint on December 16, 2021, and that Schindler Elevator Corporation has not yet received a copy of the Summons and Verified Complaint. (Not. of Removal ¶¶ 3-4). Defendants argue that this Court has subject-matter jurisdiction over this dispute because: (1) complete diversity exists between the

parties (*id*. ¶¶ 9-13); and (2) although Plaintiff does not make a specific demand for damages, Plaintiff "was unable to stipulate that the amount in controversy . . . inclusive of interest and costs, would not exceed . . . $75,000." (*Id*. ¶ 20).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Plaintiff alleges generally that, as a result of the injuries sustained, she "seeks a judgment for money damages against the defendants; that the sum sought herein exceeds all jurisdictional limits, all together with he costs and disbursements of the action." (Compl. ¶ Prayer for Relief; *see also id*. ¶¶ 30-32 (explaining that Plaintiff "sustained personal injuries to and about his/her head, limbs, spine and body," that she "was obliged to undergo medical care and treatment," and that she was and will be "unable to attend to . . . [her] usual duties"). Defendants report that Plaintiff underwent surgery for injuries to her right shoulder and knee and, given the severity of these injuries, Plaintiff was "unable to stipulate" that the amount in controversy does not exceed $75,000. (Not. of Removal ¶¶ 17, 20).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' conclusory argument that the amount in controversy must exceed $75,000 because Plaintiff cannot agree otherwise is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Feliciano v. Target Corp.*, No. 19-CV-02706, 2019 WL 2210739, at *2 (E.D.N.Y. May 21, 2019) ("Defendant's allegation that Plaintiff refused to cap damages at $75,000 is not determinative of the amount in controversy and is insufficient to establish the jurisdictional amount required by 28 U.S.C. § 1332(a)."); *Valente v. Garrison From Harrison LLC*, No. 15-CV-06522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (refusing to stipulate that damages are capped at $74,999.99 "hardly is determinative of the amount in controversy, and, standing alone, is insufficient to establish that the jurisdictional amount required by § 1332 is satisfied"); *see also Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (alleging that the amount in controversy exceeds $75,000 upon information and belief, without

more, is insufficient); *Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-04822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-00163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020); *Hughes v. Target Corp.*, No. 17-CV-03548, 2017 WL 2623861, at *2 (E.D.N.Y. June 15, 2017) ("Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.").

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

**SO ORDERED:**

Dated:   White Plains, New York
         January 10, 2022

_____
PHILIP M. HALPERN
United States District Judge